# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MELISA INGRAM, STEPHANIE WILSON, and ROBERT REEVES,

    Plaintiffs,

v.

COUNTY OF WAYNE,

    Defendant.

No. 2:20-cv-10288-AJT-EAS

## PLAINTIFFS' RESPONSE TO WAYNE COUNTY'S SUPPLEMENTAL BRIEF

Wayne County has filed a supplemental brief (ECF No. 40) about the recent decision in *Nichols v. Wayne County*, No. 19-1056, 2020 WL 4784751 (6th Cir. Aug. 18, 2020) (unpublished). The Sixth Circuit's slip opinion is attached.

The County's supplemental brief discusses the effect that *Nichols* has on Claim 4—that is, the Plaintiffs' right to a prompt, post-seizure hearing in cases of long-term vehicle impounds. *See* Am. Compl. ¶¶ 286–309 (ECF No. 12 PageID 285–91). The County argues that *Nichols* makes Claim 4 nonviable and so resolves that dimension of the three pending motions to dismiss. *See* ECF Nos. 18–20. But *Nichols* does not control the outcome in this case for several reasons.

1

First, the majority specifically declined to address the viability of a prompt, post-seizure hearing claim, concluding that it "need not answer that constitutional question . . . because Nichols . . . failed to show that the *municipalities*, as opposed to the unnamed county prosecutor who failed to institute forfeiture proceedings in his case, worked to deprive him of it." *Nichols*, 2020 WL 4784751, at *5, slip op. at 9 (emphasis in original). The majority went on to affirm dismissal of Nichols's complaint because it understood him to challenge the actions of one prosecutor, rather than the actions of a municipality. *Id.* at *6, slip op. at 10–11. The prosecutor in that case had, for three years, failed to submit the paperwork necessary to release Nichols's vehicle from impound. *See id.* at *2 & n.1, slip op. at 2–3 & n.1. The majority characterized this as a failure-to-train claim against Wayne County and concluded that such claims require—like claims against individual government actors—"clearly established" law making the prosecutor's conduct so obviously unconstitutional that the County could be held vicariously liable. *Id.* at *6, slip op. at 11. And, because no Supreme Court or Sixth Circuit case clearly establishes a right to have one's vehicle released pending civil forfeiture proceedings, Nichols failed to state a municipal liability claim. *Id.*

The same is not true here. Plaintiffs and the putative class allege that Wayne County has a policy and practice of seizing people's property, demanding that they pay a redemption fee or wait no less than six months, without access to their vehicle, before any hearing is possible. *See* Am. Compl. ¶¶ 4–27, 286–309 (ECF No. 12 PageID 230–35, 285–91). Taken as true, these allegations place this case squarely within the policy-or-practice doctrine under *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Allegations of such a policy and practice were the very thing missing in *Nichols*. 2020 WL 4784751, at *1, slip op. at 2 ("We affirm because Nichols has failed to allege a municipal 'policy or custom' sufficient to state a *Monell* claim under § 1983."). Plaintiffs are not complaining about the negligence of one prosecutor; they are complaining about the official policies of Wayne County.[1]

---

[1] The County suggests that because it follows state law, it cannot be sued for failing to provide prompt, post-seizure hearings in cases of vehicle detentions. But counties have an independent obligation not to "deprive any person of . . . property[] without due process of law[.]" U.S. Const. amend. XIV, § 1. And not one of the three circuits that have declined to recognize the right to a post-seizure hearing have done so based on the County's theory that compliance with state law absolves municipalities of their responsibilities under the Due Process Clause. *See* p. 6 *below* (collecting cases). Moreover, in the two circuits that have recognized that right, courts have done so even though it was a *municipality* that had denied people a hearing. *See* pp. 5–6 *below*.

3

Second, even if the County were correct that the decision in *Nichols* forecloses municipal liability here, that conclusion would apply only to one claim (Claim 4) and one Plaintiff (Melisa Ingram). The County has not moved to dismiss Stephanie Wilson and Robert Reeves on municipal liability grounds. *Compare* Mot. to Dismiss Ingram at iii, 18–20 (ECF No. 20 PageID 478, 497–99) (moving to dismiss Claim 4 on municipal liability grounds), *with* Mot. to Dismiss Wilson at i (ECF No. 18 PageID 341) (not raising the issue), *and* Mot. to Dismiss Reeves at i (ECF No. 19 PageID 426) (same). And it has not yet responded to Plaintiffs' motion for class certification (ECF No. 21) on behalf of the hundreds or thousands of people whom the County has likewise denied a prompt, post-seizure hearing. So, if *Nichols* has any impact, it has the marginal impact of an unpublished opinion suggesting that the Court should dismiss one of nine claims brought on behalf of one of three Plaintiffs and a putative class. As demonstrated above, however, *Nichols* does not support even that marginal step toward resolving this case.[2]

---

[2] The County argues that Melisa must show that she would have prevailed had a post-seizure hearing taken place. Again, none of the relevant cases have been decided on that basis. *See* pp. 5–6 *below*. This makes sense. The Due Process Clause requires an opportunity to heard by a neutral magistrate; it does not guarantee that a neutral magistrate will rule in favor of the property owner.

Third, the truly relevant issue in *Nichols*—the viability of his prompt, post-seizure hearing claim (and thus Claim 4 in this case)—is addressed in a one-judge concurrence, 2020 WL 4784751, at *7–11, slip op. at 14–22 (McKeague, J., concurring) (arguing there is no right to such a hearing), and one-judge dissent, 2020 WL 4784751, at *11–18, slip op. at 23–38 (Moore, J., dissenting) (arguing the opposite). As the County acknowledges, *Nichols* does not hold that a person has no right to a prompt, post-seizure hearing. *See* Def.'s Supp'l Br. at 5–8 (ECF No. 40, PageID 893–96) (acknowledging that the Sixth Circuit affirmed dismissal "on an alternate basis" and that the concurrence offers a "well-reasoned alternative position"). Just the opposite: the concurrence and dissent in *Nichols* confirm that there is a circuit split on that question and that the Sixth Circuit's position remains undecided.

As the dissent in *Nichols* notes, the Second and Seventh Circuits hold that people have a right to a prompt, post-seizure hearing when their vehicles are seized and impounded by local authorities. *Krimstock v. Kelly*, 306 F.3d 40 (2d Cir. 2002) (Sotomayor, J.); *Smith v. City of Chicago*, 524 F.3d 834 (7th Cir. 2008), *vacated as moot sub nom. Alvarez v. Smith*, 558

5

U.S. 87, 89 (2009).[3] By contrast, the Fifth, Eighth, and Eleventh Circuits hold there is no such right. *See Serrano v. U.S. Customs & Border Prot.*, No. 18-50977, 2020 WL 5539130, at *5–10 (5th Cir. Sept. 16, 2020) (affirming dismissal of that claim); *Booker v. City of St. Paul*, 762 F.3d 730, 734–37 (8th Cir. 2014) (same); *Gonzales v. Rivkind*, 858 F.2d 657, 660–61 (11th Cir. 1988) (reversing summary judgment where district court held that due process required an opportunity for a prompt post-seizure hearing notwithstanding the availability of a later forfeiture proceeding). The Supreme Court at one point granted *certiorari* to resolve this split of authority, but later determined that the case was moot after full briefing and argument. *See Alvarez*, 558 U.S. at 89.

      Only the concurrence in *Nichols* adopted Wayne County's position in this case—that municipalities may impound vehicles indefinitely without any hearing, provided there is probable cause to seize the vehicle on the front end, and some form of civil forfeiture proceeding on the back end.

---

[3] The panel decision in *Smith* departed from prior Circuit precedent and, therefore, was circulated under Circuit Rule 40(e) to all active judges of the Seventh Circuit prior to issuance. *See Smith*, 524 F.3d at 839. This gave each member of the *en banc* Seventh Circuit an opportunity to call for rehearing. Notably, no judges voted to rehear the panel decision, giving *Smith* the tacit approval of the *en banc* court. *See id.*

6

However persuasive this position may be, it is not the law of the Sixth Circuit based on a one-judge concurrence in an unpublished opinion.

Finally, *Nichols* is not final. Yesterday, the Appellant filed a petition for panel rehearing and rehearing *en banc*. Combined En Banc & Panel Reh'g Pet. (ECF No. 53) in *Nichols v. Wayne Cty.*, No. 19-1056 (6th Cir. filed Oct. 1, 2020). Given the fractured panel decision, powerful dissent, and unsettled issues of law, there is reason to think that rehearing is more likely in *Nichols* than in a typical case. At minimum, the Court should wait for a final decision.

* * *

At most, *Nichols* provides this Court with an "alternative position" on an issue over which there is an entrenched circuit split—one that the Sixth Circuit has yet to resolve. Absent further guidance, this Court should adopt the view of the Second and Seventh Circuits (and the dissent in *Nichols*), hold that there is a due-process right to a prompt, post-seizure hearing, and deny the County's motion to dismiss Claim 4 on that basis.

## CONCLUSION

*Nichols* has no impact on this litigation. If the Court disagrees, it should not rule on Plaintiffs' prompt post-seizure hearing claim until the decision in *Nichols* is final.

7

Dated: October 2, 2020               Respectfully submitted,

/s/ Wesley Hottot
Wesley Hottot
Washington State Bar Ass'n 47539
INSTITUTE FOR JUSTICE
600 University Street, Suite 1730
Seattle, WA 98101
(206) 957-1300
whottot@ij.org

Kirby Thomas West
Pennsylvania Bar Ass'n 321371
INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
kwest@ij.org

Jaimie Cavanaugh
Minnesota Bar Ass'n 399960
INSTITUTE FOR JUSTICE
520 Nicollet Mall, Suite 550
Minneapolis, MN 55403
(612) 435-3451
jcavanaugh@ij.org

Barton Morris (P54701)
LAW OFFICES OF BARTON MORRIS
520 North Main Street
Royal Oak, MI 48067
(248) 541-2600
barton@bartonmorris.com

*Attorneys for Plaintiffs*