UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISA INGRAM, STEPHANIE
WILSON, and ROBERT REEVES,

              Plaintiffs,             CASE NO. 20-CV-10288

      v.                        HON. GEORGE CARAM STEEH
                                   UNITED STATES DISTRICT JUDGE

COUNTY OF WAYNE,

              Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTIONS FOR RECONSIDERATION (ECF Nos. 55, 56, 57)**

In this putative class action civil rights case, plaintiffs Melisa Ingram,

Stephanie Wilson and Robert Reeves challenge defendant Wayne

County's vehicle seizure and civil forfeiture policy and practices. The matter

is before the Court on defendant's motions for reconsideration of portions

of the Court's order granting in part and denying in part defendant's

motions to abstain, stay, dismiss and for summary judgment (ECF No. 54).

The Court requested response and reply briefs, and briefing has now been

completed. For the reasons set forth below, defendants' motions for

reconsideration are DENIED.

## FACTS

### I.    Melisa Ingram

Once in November 2018, and again in June 2019, deputies from the Wayne County Sheriff's Office seized Melisa Ingram's 2017 Ford Fusion pursuant to Michigan's Nuisance Abatement Act. Each seizure resulted from allegations that Ingram's then-boyfriend was using the vehicle in connection with prostitute-related activities. Ingram was not present for either seizure. On both occasions, Ingram's boyfriend was given a Notice of Seizure, which he gave to Ingram. Ingram claims she was not mailed a notice of either seizure.

Following the first seizure, Ingram went to the Vehicle Seizure Unit of the Wayne County Prosecutor's Office (WCPO) to retrieve her vehicle. She was told she would have to wait four months for her case to be heard by a judge. Instead, Ingram voluntarily entered into a settlement agreement with the WCPO whereby she paid $900, which is the redemption fee for first seizures, and $455 in towing and storage fees for her car's release. This settled the potential first state court forfeiture case.

The second time that Ingram's Fusion was seized, Ingram faced a $1,800 second seizure redemption fee. At the time, she had begun Chapter 13 bankruptcy proceedings in federal court. Instead of redeeming her

vehicle, Ingram surrendered her interest in the Fusion to the lien holder, Ford Motor Credit. Despite this, WCPO initiated forfeiture proceedings against the car, naming Ingram as the owner. Ingram was compelled to attend pre-trial conferences with prosecutors. After seven months of attempting to correct the mistake and retrieve her personal property from the car, prosecutors agreed that Ford Motor Credit was the proper claimant. In January 2020, the forfeiture action was dismissed with prejudice by agreement of the parties.

Ingram seeks compensatory damages and an injunction ordering the payment of restitution based on allegedly unconstitutional redemption fees, and towing and storage expenses imposed by the County. Relevant to the pending motion for reconsideration, Ingram claims that defendant violated her Fourth Amendment rights by seizing and retaining her vehicle without probable cause. Ingram also claims a violation of her Fourteenth Amendment right to a prompt post-seizure hearing. This issue was certified for interlocutory appeal and the Sixth Circuit has accepted jurisdiction over the issue. The proceeding before the Sixth Circuit has been held in abeyance pending this Court's ruling on defendant's motion for reconsideration. Ingram's substantive due process claim is that the

County's policy requiring innocent people to pay fines and fees based on the actions of others violates the Fourteenth Amendment.

## II.    Stephanie Wilson

On two separate occasions, deputies from the Wayne County Sheriff's Office seized vehicles owned by Stephanie Wilson pursuant to Michigan's Controlled Substances Forfeiture Act. The Act authorizes the forfeiture of property involved in the sale or transportation of narcotics or the facilitation of a violation of state drug laws. MCL 333.7521 *et seq*. Both seizures occurred while Wilson was giving a ride to the father of her child, who has a drug addiction. No drugs, guns or cash were found on either occasion and no arrests were made.

The first seizure occurred in January 2019 and involved Wilson's Chevy Malibu. Officers gave Wilson a Notice of Seizure at the scene, which stated that to claim interest in her vehicle she must contact the WCPO "after 3 business days but no longer than twenty (20) days of receiving this notice." Wilson made three attempts to contest the seizure: the first was too soon so was not within the allotted period; the second time she was turned away because her paperwork could not be found; the third time she was told it was too late to contest the seizure. At this point, Wilson agreed to abandon her vehicle.

The second seizure of Wilson's Saturn Ion occurred in June 2019. Wilson was told she would have a judicial hearing July 10, 2019, but a hearing was never set. Instead, the WCPO filed a forfeiture complaint in October and set a pre-trial conference in November with a prosecutor. At the second pretrial hearing in February 2020, Wilson told prosecutors she could not afford to pay the $1,800 redemption fee.  Wilson was required to attend two more pretrial conferences with a prosecutor before the judicial process could continue. The case then proceeded through discovery. On April 29, 2021, the Wayne County Circuit Court granted plaintiff's motion for summary disposition in her forfeiture case and the vehicle was returned to Wilson. The WCPO subsequently appealed the decision. On March 24, 2022, the Michigan Court of Appeals reversed and remanded the case to the Circuit Court for further consideration.

## III.   Robert Reeves

In July 2019, a Michigan State Police (MSP) Task Force invoked Michigan's Omnibus Forfeiture Act ("OFA") and seized Robert Reeves' vehicle and other personal property in connection with a criminal investigation. Police claimed a piece of equipment Reeves operated at a construction site had been stolen from Home Depot. Reeves was detained for several hours and then released. The seizure notice Reeves received

stated "a civil forfeiture matter may follow the criminal proceeding which will require further process of which you will be notified." No forfeiture action was filed against Reeves' property. Reeves hired an attorney and repeatedly called the County's number on the notice to no avail. Because a criminal case was not instituted within the 28 days provided by the OFA, the MSP Task Force returned Reeves' property on February 5, 2020. A month later, the MSP Task Force submitted a warrant request for charges against Reeves, and on March 12, 2020, a Michigan state court criminal case was initiated. However, the case was dismissed without prejudice at preliminary examinations in the 36th District Court because of the failure of the complaining witness from the MSP Task Force to appear. Criminal charges were brought again and were dismissed on January 26, 2022. Reeves seeks $3,676 in damages and an injunction ordering restitution based on the retrieval fee and towing and storage damage done to his vehicle.

## PROCEDURAL POSTURE

On October 14, 2021, the Court entered an order granting in part and denying in part defendant's motions to abstain, stay, dismiss and for summary judgment. Defendant filed motions seeking reconsideration of many of the Court's rulings. As it relates to the pending motions for

reconsideration, the Court held as described below. On February 16, 2022, the case was reassigned to the undersigned due to the death of the Hon. Arthur J. Tarnow.

### A.    Melisa Ingram

The parties stipulated to dismissal of defendant's nuisance abatement case with prejudice, as it related to the June 2019 seizure of Ingram's vehicle. This was a final judgment on the merits for purposes of res judicata such that Ingram is barred from further challenging the 2019 seizure. However, the settlement agreement entered by the parties regarding the 2018 seizure did not result in a waiver of Ingram's right to challenge the constitutionality of the seizure in this court. As to the 2018 seizure, Ingram stated a claim in Count I for a Fourth Amendment violation, Count IV for violation of the Fourteenth Amendment due to lack of a prompt post-seizure hearing, and Count V for violation of the Fourteenth Amendment due to arbitrary and irrational fines and fees.

### B.    Stephanie Wilson

The Court abstained to the pending state court case involving Wilson's June 2019 seizure. However, the Court held that all claims regarding Wilson's voluntary abandonment of her vehicle seizure in

January 2019 may proceed because there is no pending state court proceeding to trigger abstention.

### C.    Robert Reeves

The Court concluded that Reeves sufficiently alleged a Fourteenth Amendment Due Process cause of action based on the County's failure to provide a prompt post-seizure hearing.

## LEGAL STANDARD

The local rules of this district allow a party to file a motion for reconsideration. E.D. Mich. LR 7.1 (g). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case. *See DirecTV, Inc. v. Karpinsky,* 274 F. Supp. 2d 918, 921 (E.D. Mich. 2003). However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001).

**ANALYSIS**

I.    **Melisa Ingram**

A.    **Standing**

Defendant maintains that the Court's finding that Ingram has

established standing to pursue her claims for prospective declaratory or

injunctive relief conflicts with Supreme Court and Sixth Circuit precedent.

Defendant argues that the two seizures of Ingram's vehicle were based on

her ex-boyfriend's criminal activities, but Ingram has since ended that

relationship and the individual no longer has access to any vehicle she

owns. Therefore, defendant argues that Ingram cannot plausibly allege

facts to support the legal proposition that she faces a "real and immediate

threat of future injury" of a vehicle owned by her being seized under

Michigan's Nuisance Abatement statute. Defendant contends that the

likelihood of Ingram's vehicle being seized today or in the future is the

same as for all drivers and is purely speculative.

"For purposes of ruling on a motion to dismiss for want of standing,

both the trial and reviewing courts must accept as true all material

allegations of the complaint, and must construe the complaint in favor of

the complaining party." *Parsons v. U.S. Dep't of Just.*, 801 F.3d 701, 710

(6th Cir. 2015) (citation omitted). The Court previously recognized that the

seizure of Ingram's car is largely out of her control, and in that way it is similar to *Floyd v. City of New York*, 283 F.R.D. 153, 170 (S.D.N.Y. 2012) (finding that plaintiff's "risk of future injury d[id] not depend on his being arrested for unlawful conduct so he cannot avoid that injury by following the law."). Ingram's allegations support the conclusion that she cannot avoid injury by following the law. The fact that Ingram is no longer in a relationship with her ex-boyfriend does not preclude her from having standing to bring her claims, particularly where she alleges systemic vehicle forfeiture practices by defendant and two out of three plaintiffs have had vehicles seized and retained twice.

Defendant's argument that Ingram lacks standing is denied.

### B.    Count I – Fourth Amendment

Defendant argues that this Court erred in holding that the seizure of Ingram's vehicle under Michigan's Nuisance Abatement statute constitutes a Fourth Amendment violation, not as to the user of the vehicle, but to the "innocent owner". Defendant maintains that the seizure is complete upon the initial dispossession of the property, here based upon the boyfriend's activities implicating Michigan's Nuisance Abatement statute. Therefore, any continued detention after the initial seizure, which Ingram argues

violates her Fourth Amendment rights, is properly remedied by procedural Due Process.

The Court considered defendant's argument and concluded that Ingram alleges a Fourth Amendment claim. Ingram's claim is based both on defendant's seizure of her vehicle without probable cause that it was connected to a crime committed by her, the owner, and that the continued detention of the vehicle is not supported by probable cause. The Court concluded that Ingram's Fourth Amendment claim is supported by Sixth Circuit precedent. *Fox v. Van Oosterum*, 176 F.3d 342, 350-52 (6th Cir. 1999) ("If Fox was complaining about both an illegal initial seizure of the license and an illegal refusal to return it, he would have a Fourth Amendment claim.")

Defendant also argued then and now that Ingram voluntarily waived any right to pursue her Fourth Amendment claims by voluntarily entering into a settlement agreement with the WCPO. The Court read the settlement agreement waiver to preclude action in the state case regarding the vehicle but did not find any language preventing Ingram from challenging the seizure in federal court.

Defendant's motion for reconsideration, which largely repeats arguments previously made and considered by the court, is denied.

- 11 -

**C.     Count IV – Fourteenth Amendment Procedural Due Process**

The Court considered Ingram's claim that defendant's custom of delaying forfeiture proceedings and requiring a claimant's appearance at multiple pre-trial conferences before they have an opportunity to challenge their car's detention in front of a judicial officer violates the Due Process Clause of the Fourteenth Amendment. The Court concluded that the Sixth Circuit has not directly addressed the issue, but "recently left an open door for recognition of this right." ECF No. 54, PageID.1012 (referring to *Nichols v. Wayne County*, 822 F. App'x 445, 446047 (6th Cir. 2020) (affirming dismissal for failure to allege a municipal policy or custom was the moving force behind the violation, as opposed to just one lone prosecutor). The Court certified the issue, and the Sixth Circuit accepted interlocutory appeal.

Defendant argues that the County does not have a policy or practice to support a due process violation. According to defendant, the source of plaintiff's alleged harm is the State of Michigan because neither Michigan law nor the Michigan Court Rules provide a claimant with a post-seizure, pre-complaint hearing in a nuisance abatement matter. Defendant's argument is that the source of the alleged injury is state law, so plaintiff cannot maintain a municipal liability claim against the County. However, the

Court read plaintiff's complaint to be a challenge of a County custom of delay in bringing a forfeiture complaint, and found that the County has full control over its custom.

Defendant's other argument were also previously made and considered by the Court. A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co.,* 177 F. Supp. 2d at 632.

### D.   Count V – Fourteenth Amendment Substantive Due Process

The Court concluded that Ingram states a Fourteenth Amendment substantive due process claim based on the County's policy of conditioning the release of her seized vehicle on paying fines and fees unrelated to the government's purposed interest in deterring and punishing crime. Defendant makes the same arguments previously raised and considered. Defendant's arguments for reconsideration are denied.

## II.   Stephanie Wilson

In its motion for reconsideration, defendant argues the Court did not consider its argument that Wilson's decision to not contest the seizure and forfeiture of the Malibu is considered an abandonment under Michigan law and a conclusive and final resolution of any argument that could have been

raised in a potential or pending case. Defendant appears to have first raised this issue in the last paragraph of its reply brief in support of its motion to abstain. ECF No. 35. There, defendant argued that Wilson failed to cite any authority that permits her to assert in a collateral federal proceeding any claim or defense to a seizure and forfeiture that should have been raised in the state court. Defendant now argues that the Court should reconsider the issue and dismiss Wilson's claims arising from the January 2019 seizure of her Malibu.

Wilson is not seeking return of her vehicle. Rather, she is challenging the constitutionality of defendant's vehicle seizure and forfeiture program and seeks to enjoin such policies. Even if the state forum would have been an adequate substitute for plaintiff's claims seeking prospective declaratory and injunctive relief, exhaustion of state administrative remedies is not a prerequisite to bringing an action under 42 U.S.C. § 1983. *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 516 (1982).

Defendant's motion for reconsideration is denied.

## III. Robert Reeves

Defendant argues on reconsideration that the Court erred in its conclusion that Reeves sufficiently alleged a Fourteenth Amendment Due Process violation for the County's failure to provide a prompt post-seizure

hearing. Reeves' property was seized under Michigan's Omnibus Forfeiture Act (OFA). A necessary predicate for obtaining a state court forfeiture judgment under the OFA is the securing of a criminal conviction. Mich. Comp. Laws § 600.4707 ("within 28 days after the conviction of a person of a crime the state or local unit of government seeking forfeiture of the property shall give notice of the seizure of the property . . . and the intent to begin proceedings to forfeit.")

In Reeves' case, his car, two cellphones and cash were seized in July 2019, but criminal charges have been dismissed and there has not been a criminal conviction. Therefore, no forfeiture proceedings have been filed against Reeves' property.

Defendant points out that the OFA itself provides an avenue for a claimant to seek a hearing to challenge the seizure of their property. § 600.4705(1). Within 28 days from the filing of a petition, the state court having jurisdiction over the forfeiture proceeding must hold a hearing at which the government has to establish it has probable cause to believe the property is subject to forfeiture and that the claimant had knowledge that the property was being used in connection with a crime. If the government fails to sustain its burden of proof, the court shall order the return of the property. § 600.4705(3).

Where the property seized is a vehicle, a claimant may file a petition before the court having jurisdiction over the forfeiture proceeding, seeking immediate release of the vehicle if they can establish that "he or she holds the legal title of the vehicle and that it is necessary for him or her or his or her family to use the vehicle pending the outcome of the forfeiture action[.]" § 600.4705(4). Such a petition must be heard within 7 days of filing.

In its motion for reconsideration, defendant argues that the OFA's 28-day and 7-day provisions provide adequate due process in the case of vehicle seizures. According to defendant, these provisions in the OFA provide notice and an opportunity to be heard at a meaningful time and in a meaningful manner, as required by the Due Process Clause. Between them, the 7-day and 28-day hearings provide an avenue to seek the return of a vehicle during the pendency of a state court criminal and civil proceeding, and the option to seek contested state court adjudication of whether there was adequate probable cause to seize the vehicle.

The petitions for such hearings are to be filed in the court having jurisdiction over the forfeiture proceeding. However, it is not clear that the 7-day or 28-day hearings were an available avenue of relief to Reeves where no forfeiture proceedings have commenced.

Defendant's motion for reconsideration is denied.

- 16 -

IT IS HEREBY ORDERED that defendant's motions for

reconsideration (ECF Nos. 55, 56 and 57) are DENIED.

Dated:  June 9, 2022

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 9, 2022, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk

- 17 -