**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MELISA INGRAM, et al.

Plaintiffs,

vs.

COUNTY OF WAYNE,

Defendant.

Civil Action No. 20-10288

Honorable Judith E. Levy

Magistrate Judge Elizabeth A. Stafford

---

# DEFENDANT'S MOTION TO DISMISS THE CLAIMS OF PLAINTIFF ROBERT REEVES FOR LACK OF SUBJECT MATTER JURISDICTION AND/OR FOR JUDGEMENT ON THE PLEADINGS

Defendant County of Wayne ("Defendant" or "Wayne County"), through its undersigned counsel, moves, pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(c), to dismiss the claims of Plaintiff Robert Reeves for lack of subject matter jurisdiction and/or for judgment on the pleadings as to Reeves. As further discussed in the attached Brief, Wayne County is entitled to dismissal of Reeves' claims because Reeves lacks standing to bring said claims and thus this Court lacks subject matter jurisdiction as to Reeves.

In accordance with E.D. Mich. L.R. 7.1(a), Defendant's counsel explained the nature of this Motion and its legal basis and requested concurrence in the relief sought, but Reeves' counsel declined to concur.

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

WHEREFORE, for the reasons stated in the accompanying Brief, Defendant respectfully requests that this Court enter an Order dismissing all of Plaintiff Robert Reeves' claims with prejudice.

Respectfully submitted,

DYKEMA GOSSETT PLLC

By: */s/ Nasseem S. Ramin*

Theodore W. Seitz (P60320)
Nasseem S. Ramin (P73513)
*Attorneys for Defendant*
400 Renaissance Center
Detroit, MI 48243
(313) 568-6800
tseitz@dykema.com
nramin@dykema.com
*Attorneys for Defendant*

Dated: August 30, 2024

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MELISA INGRAM, et al.

Plaintiffs,

vs.

COUNTY OF WAYNE,

Defendant.

Civil Action No. 20-10288

Honorable Judith E. Levy

Magistrate Judge Elizabeth A. Stafford

---

**BRIEF IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS THE CLAIMS OF PLAINTIFF ROBERT REEVES FOR LACK OF SUBJECT MATTER JURISDICTION AND/OR FOR JUDGEMENT ON THE PLEADINGS**

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

**STATEMENT OF ISSUE PRESENTED**

Whether this Court should dismiss Counts IV and IX because: (1) Plaintiff Reeves lacks standing to assert claims against Defendant Wayne County and thus the Court does not subject matter jurisdiction over such claims; (2) even if Reeves had Article III standing, Plaintiffs' claim that due process requires a post-seizure preliminary hearing fails as a matter of law in light of the intervening Supreme Court decision in *Culley v. Marshall*; and (3) Reeves fails to allege that he attempted to invoke post-seizure, pre-forfeiture remedies or somehow was prevented from doing so by Wayne County?

| | |
|---|---|
| Defendant answers: | Yes |
| Plaintiffs would answer: | No |
| The Court should answer: | Yes |

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Defendant relies on *Fox v. Saginaw Cnty.*, 67 F.4th 284 (6th Cir. 2023); *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125 (6th Cir. 1996); and *Culley v. Marshall*, 601 U.S. 377 (2024).

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

# TABLE OF CONTENTS

**Page**


STATEMENT OF ISSUE PRESENTED .......... i

CONTROLLING OR MOST APPROPRIATE AUTHORITY .......... ii

TABLE OF AUTHORITIES .......... iv

INTRODUCTION .......... 1

BACKGROUND .......... 2

A. The Michigan State Police Seized Reeves' Vehicle .......... 3

B. Complaint and Procedural Posture .......... 4

C. The U.S. Supreme Court's Decision in *Culley v. Marshall* .......... 4

LEGAL STANDARD .......... 6

A. Factual Attacks on Subject Matter Jurisdiction Under Rule 12(b)(1) .......... 6

B. Judgment On the Pleadings under Rule 12(c) .......... 7

ARGUMENT .......... 8

I. REEVES DOES NOT HAVE STANDING TO BRING HIS CLAIM OR TO REPRESENT A PUTATIVE CLASS .......... 8

II. EVEN IF REEVES HAD ARTICLE III STANDING, PLAINTIFFS' DUE PROCESS CLAIM FAILS AS A MATTER OF LAW IN LIGHT OF THE INTERVENING SUPREME COURT DECISION IN *CULLEY V. MARSHALL*. .......... 13

A. Reeves' Sole Remaining Claim Does Not Survive Under the Intervening *Culley v. Marshall* Decision.......... 14

B. Michigan's OFA Comports With Procedural Due Process in Civil Forfeiture Proceedings. .......... 15

CONCLUSION .......... 20


DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. BioCare Inc. v. Howard & Howard Attys. PLLC.*,
702 F. App'x 416 (6th Cir. 2017) ........ 6

*Ashcroft v. Iqbal*,
556 U.S. 662 ........ 8

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 ........ 7, 8

*Bridges v. Mental Health Officers*,
No. 21-12366, 2021 U.S. Dist. LEXIS 235141 (E.D. Mich. Dec. 7, 2021) ........ 12

*Carrick v. Snyder*,
No. 15-cv-10108, 2016 U.S. Dist. LEXIS 16080 (E.D. Mich. Feb. 10, 2016) ........ 11

*Cleveland Branch, NAACP v. City of Parma*,
263 F.3d 513 (6th Cir. 2001) ........ 9

*Culley v. Marshall*,
601 U.S. 377 (2024) ........ *passim*

*Davis v. Wayne Cty. Elections Comm'n*,
204 F. Supp. 3d 950 (E.D. Mich. 2016) ........ 11

*DLX, Inc. v. Kentucky*,
381 F.3d 511 (6th Cir. 2004) ........ 6

*FDA v. All. for Hippocratic Med.*,
602 U.S. 367 ........ 9

*Fox v. Saginaw Cnty.*,
67 F.4th 284 (6th Cir. 2023) ........ 1, 10

*Gentek Bldg. Prods. v. Sherwin-Williams Co.*,
491 F.3d 320 (6th Cir. 2007) ........ 7

*Golf Village North, LLC v. City of Powell*,
42 F.4th 593 (6th Cir. 2022) ........ 15, 16

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

*Huff v. Telecheck Servs.*,
923 F.3d 458 (6th Cir. 2019) ....................................................................2

*Ingram v. Wayne Cnty.*,
81 F.4th 603 (6th Cir. 2023) ..........................................................4, 5, 14

*Jelovsek v. Bredesen*,
545 F.3d 431 (6th Cir. 2008) ....................................................................7

*Key v. DSW, Inc.*,
454 F. Supp. 2d 684 (S.D. Ohio 2006) ...............................................9, 10

*Lpp Mortg., Ltd. v. Brinley*,
547 F.3d 643 (6th Cir. 2008) ....................................................................9

*Murthy v. Missouri*,
144 S. Ct. 1972 (2024)..........................................................................10

*MX Grp., Inc. v. City of Covington*,
293 F.3d 326 (6th Cir. 2002) ....................................................................8

*Myslivecek v. FCA US LLC*,
No. 21-10346, 2022 U.S. Dist. LEXIS 231323 (E.D. Mich. Dec. 23, 2022).....11

*Novak v. Federspiel*,
__ F.Supp.3d __, 2024 U.S. Dist. LEXIS 58508 (E.D. Mich. Mar. 29, 2024) ..19

*RMI Titanium Co. v. Westinghouse Elec. Corp.*,
78 F.3d 1125 (6th Cir. 1996) ....................................................................6

*Rogers v. Stratton Indus., Inc.*,
798 F.2d 913 (6th Cir. 1986) ....................................................................7

*Ruehle's Towing, Inc. v. Charter Twp. of Shelby*,
No. 15-cv-13802, 2016 U.S. Dist. LEXIS 65130 (E.D. Mich. May 18, 2016)..11

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016)..............................................................................8, 9

*United States v. $8,850*,
461 U.S. 555 (1983)................................................................................15

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

*United States v. Von Neumann*,
474 U.S. 242 (1986) .......... 15

*Vicory v. Walton*,
721 F.2d 1062 (6th Cir. 1983) .......... 16

*Yunus v. Detroit Police Dep't*,
No. 18-cv-12384, 2018 U.S. Dist. LEXIS 136738 (E.D. Mich. Aug. 14, 2018) .......... 12

**Statutes**

MCL 600.4701 .......... 16

MCL 600.4702 .......... 17

MCL 600.4703 .......... 17

MCL 600.4704 .......... 17

MCL 600.4705 .......... 17, 19

MCL 600.4706(1)(a) & (2) .......... 18

MCL 600.4707 .......... 18

MCL 600.4708(1) .......... 18

MCL 600.4709 .......... 18

**Other Authorities**

Fourteenth Amendment .......... 2, 4

Fed. R. Civ. P. 12(b)(1) .......... 6

Fed. R. Civ. P. 12(b)(6) .......... 6, 7

Fed. R. Civ. P. 12(c) .......... 7

Fed. R. Civ. P. 56 .......... 6

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

**INTRODUCTION**

The Michigan State Police seized Plaintiff Robert Reeves' vehicle in connection with a criminal investigation. The State Police arrested Reeves and submitted a warrant request seeking authorization of criminal charges against him. The State Police, which held Reeves' vehicle, eventually released it to him. Even so, Reeves sued Wayne County – and not the State Police, the State of Michigan, or any individual police officer – to challenge the seizure of his vehicle.

In its prior September 30, 2021 Order, the Court dismissed all claims asserted by Reeves other than Count IV (procedural due process) and his entirely derivative claims for "damages" in Count IX. First, Reeves alleges his car sustained damages after it was seized and impounded by the Michigan State Police and that he was charged a fee to retrieve the car (Count IX). But Reeves admits in the operative complaint itself (and confirmed in written discovery responses and at his deposition), that Wayne County had nothing to do with the seizure of his vehicle. It is undisputed that the Michigan State Police seized and held Reeves' car. It is axiomatic that Reeves cannot seek damages against Wayne County for conduct not attributable to Wayne County: "In individual litigation, a plaintiff lacks standing to sue a defendant if the plaintiff's injuries are not 'fairly traceable' to that defendant." *Fox v. Saginaw Cnty*., 67 F.4th 284, 288 (6th Cir. 2023), *quoting DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 342 (2006). A putative class action is no different, and "[t]he burden

of establishing standing rests with [the plaintiff], and he must provide the allegations or evidence required at each stage of the litigation." *Huff v. Telecheck Servs.*, 923 F.3d 458, 462 (6th Cir. 2019).

Second, Reeves asserts a 14th Amendment procedural due process violation based on Wayne County's alleged failure to provide him with a post-seizure preliminary hearing (Count IV). But the United States Supreme Court recently concluded that the Constitution does not require such a preliminary hearing. This ruling entirely nullifies Plaintiffs' argument that due process requires post-seizure hearings prior to forfeiture proceedings. As such, Count IV also must be dismissed.

For these reasons and as further explained below, Wayne County requests the Court grant its Motion and enter an order dismissing Counts IV and IX with prejudice.

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

## BACKGROUND

For more than 30 years, Detroit-area law enforcement agencies have worked to target areas where illegal drug trafficking and prostitution run rampant. The purpose of these programs has been to build criminal cases against individuals and to discourage narcotics trafficking and prostitution by using Michigan's forfeiture laws to seize property and vehicles used in furtherance of either of these activities. Specifically at issue as to Reeves is Michigan's Omnibus Forfeiture Act ("the OFA"), MCL 600.4701 *et seq.*, which contains detailed procedures for seizing and

forfeiting property used in connection with crimes.

### A. The Michigan State Police Seized Reeves' Vehicle

In July 2019, a Michigan State Police ("MSP") Task Force invoked the OFA and seized Reeves' vehicle and other personal property in connection with a criminal investigation. (7/26/19 Notice of Seizure, PageID.455). The MSP suspected Reeves and others of operating a scheme that involved renting heavy equipment from Home Depot and then selling the equipment. (Ex. A, MSP Supplemental Incident Report at 1). The MSP's role as the sole agency that arrested Reeves and seized his vehicle is not in dispute:

Q: And the car that they took you around, was it labeled?

A: It was a police car.

Q: Was it a Michigan State Police car?

A: Yes.

Q: It was a Michigan State Police car that you were put in?

A: Yes.

Q: So, your understanding was that the Michigan State Police had seized your Camaro, is that correct?

A: Yes.

(Ex. B, 4/18/24 Reeves Dep. Trans at 15-16).

Because Reeves was not charged within 28 days of the seizure, his property was released to him. On February 15, 2020, the MSP renewed its warrant request for Reeves and on March 12, 2020, Michigan's 36th District Court authorized a criminal

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

complaint against Reeves.[1] The charges were dismissed.

### B. Complaint and Procedural Posture

On February 3, 2020, Plaintiffs Melisa Ingram and Reeves initiated this putative class action against the County, challenging its vehicle seizure and civil forfeiture practices. On May 11, 2020, Plaintiffs filed their First Amended Complaint ("FAC") adding Stephanie Wilson as a Plaintiff. On July 1, 2020, Defendant filed a Motion to Abstain, Stay, or Dismiss as to Reeves. (ECF 19).

On September 30, 2021, this Court granted in part and denied in part the Motion regarding Reeves. (ECF 54). An interlocutory appeal followed as to whether a prompt post-seizure, pre-forfeiture judgment hearing is required under the Fourteenth Amendment Due Process Clause. Accepting as true the facts pled by Plaintiffs, as the case was in the pre-discovery stage, the Sixth Circuit Court of Appeals held that Wayne County is "required to provide a prompt post-seizure hearing for plaintiffs' personal vehicles," despite not having control over the state courts, which are the only entities that could facilitate judicial hearings. *See Ingram v. Wayne Cnty.*, 81 F.4th 603, 620 (6th Cir. 2023).

### C. The U.S. Supreme Court's Decision in *Culley v. Marshall*

The U.S. Supreme Court, however, reached the opposite conclusion with

[1] In addition to this lawsuit, Reeves filed a state court complaint against the County and two of its prosecutors, for malicious prosecution. That case remains in the Michigan Court of Appeals. *See* Case No. 367447.

respect to Plaintiffs' "two-week hearing claims" – i.e., Count IV of the FAC. *See Culley v. Marshall*, 601 U.S. 377 (2024). Just like Plaintiffs here, the plaintiffs in *Culley* "argue that the Due Process Clause requires States to also hold a separate preliminary hearing before the forfeiture hearing." *Id.* at 385. *Compare with Ingram*, 81 F.4th at 614 ("The question presented on appeal is whether due process requires a timely post-seizure hearing to determine the validity of the government's continued retention of the property before forfeiture is finally adjudicated.").

The Supreme Court rejected the Sixth's Circuit's interpretation of Due Process requirements in forfeiture proceedings, holding:

> The question here is whether the Constitution also requires a separate preliminary hearing to determine whether the police may retain the car pending the forfeiture hearing. This Court's precedents establish that the answer is no: The Constitution requires a timely forfeiture hearing; the Constitution does not also require a separate preliminary hearing.
>
> ***
>
> And an additional preliminary hearing of the kind sought by petitioners would interfere with the governments important law-enforcement activities in the period after the seizure and before the forfeiture hearing.
>
> ***
>
> In short, both Congress and the States have long authorized law enforcement to seize personal property and hold it until a forfeiture hearing.

*Culley*, 601 U.S. at 380-381, 388, 392.

Thus, Count VI is no longer a viable claim for any Plaintiff, including Reeves.



DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

## LEGAL STANDARD

### A. Factual Attacks on Subject Matter Jurisdiction Under Rule 12(b)(1)

Wayne County's arguments for lack of Article III standing implicate this Court's subject matter jurisdiction and are "properly decided under [Federal Rule of Civil Procedure] 12(b)(1)." *Am. BioCare Inc. v. Howard & Howard Attys. PLLC.*, 702 F. App'x 416, 419 (6th Cir. 2017). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true," or it can "attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

When, as here, there is a factual attack on the Court's jurisdiction, the Court "may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. Pro. 56." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Because the court's "very power to hear the case" is at issue, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* "In short, no presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

As such, "the *plaintiff* has the burden of proving jurisdiction in order to survive the [12(b)(1)] motion." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986) (emphasis in original). And in determining whether the plaintiff has met this burden in response to a factual attack, the court "has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing[2] to resolve jurisdictional facts." *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).[3]

**B. Judgment On the Pleadings under Rule 12(c)**

"The manner of review under [Fed. R. Civ. P.] 12(c) is the same as a review under Rule 12(b)(6) . . .." *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008) (internal citations omitted). A Rule 12(b)(6) motion tests the sufficiency of a plaintiff's pleading. Rule 12(b)(6) requires that a complaint "contain something more . . . than . . . a statement of facts that merely creates a *suspicion* [of] a legally cognizable right of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544; 127 S. Ct. 1955, 1965 (2007) (emphasis added) (internal citation omitted). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

[2] If the Court finds a question of fact on the issue of Reeves' standing, Defendant respectfully requests such an evidentiary hearing.

[3] As *Gentek* goes on to explain, "an attack on subject-matter jurisdiction" that "also implicates an element of the cause of action" can be considered after discovery closes. 491 F.3d at 330. But there are "exceptions to this rule" such as when "the disputed question determines whether the plaintiff is a proper party." *Id.* at 330-31.

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662; 129 S. Ct. 1937, 1949 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 1950 (internal quotation marks and citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*.

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

## ARGUMENT

### I. REEVES DOES NOT HAVE STANDING TO BRING HIS CLAIM OR TO REPRESENT A PUTATIVE CLASS.

Reeves, as a plaintiff, bears the burden of establishing standing, *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), a threshold question that asks, "whether a plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction to justify exercise of the court's remedial powers on his behalf." *MX Grp., Inc. v. City of Covington*, 293 F.3d 326, 332 (6th Cir. 2002) (internal quotation marks and citations omitted). At a fundamental level, this Court does not have subject-matter jurisdiction over Reeves' claims because he does not have Article III standing. "The requirement that the plaintiff possess a personal stake helps ensure that courts decide litigants' legal rights

as Article III requires, and that ***courts do not opine on legal issues in response to citizens who might roam the country in search of governmental wrongdoing***." *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 379 (emphasis added) (internal quotations and citations omitted).

Succinctly put:

> To satisfy Article III's standing requirements, a plaintiff must show: (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 523-24 (6th Cir. 2001). "Article Ill is jurisdictional and not subject to waiver." *Lpp Mortg., Ltd. v. Brinley*, 547 F.3d 643, 647-48 (6th Cir. 2008). Importantly, "[t]hat a suit may be a class action adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong." *Spokeo,* 578 U.S. at 338 n.6. The Supreme Court thus has established that any named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent. *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 687 (S.D. Ohio 2006), *citing Simon v. Eastern Ky. Welfare Rights Org.,* 426 U.S. 26, 40 n.20 (1976). Thus, if a named plaintiff does not have standing,

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

they may not seek relief on behalf of themselves or any other member of the class. *See Key*, 454 F. Supp. 2d at 687.

Indeed, as the Sixth Circuit recently confirmed in *Fox*: a "plaintiff lacks standing to sue a defendant if the plaintiff's injuries are not 'fairly traceable' to that defendant," "standing goes to a court's subject-matter jurisdiction," and "a court has no power to certify a class if it lacks jurisdiction." 67 F.4th at 288, 292. In *Fox*, the plaintiff, Thomas Fox, lost title to real property when Gratiot County foreclosed for failure to pay property taxes. *Id.* at 288. Fox, in turn, sued "26 other counties that did not injure him, arguing that they engaged in the same conduct against other delinquent taxpayers." *Id.* The Sixth Circuit vacated the district court's class certification order because although Fox may have suffered an injury traceable to Gratiot County's conduct:

> ***[A] plaintiff who meets the actual-injury requirement does not thereby obtain a license to sue anyone over anything. The plaintiff must show that the injury is fairly traceable to the defendant.*** And Fox can trace his injury only to Gratiot County; he does not attempt to connect it to the other Counties. That fact poses a problem for him because ***standing is not dispensed in gross***.

*Id.* at 293 (emphasis added). *See also Murthy v. Missouri*, 144 S. Ct. 1972, 1988 (2024) ("[P]laintiffs must demonstrate standing for each claim that they press against each defendant and for each form of relief that they seek.") (internal quotations and citations omitted).



DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

Here, unlike Fox, Reeves has not even bothered to sue the party that he concedes is responsible for seizing his vehicle, holding his vehicle, and potentially causing damage to his vehicle: the MSP. Instead, Reeves sued only Wayne County, who he admits had nothing to do with any of the above, apparently in hopes that the Court would overlook the facts and dispense standing "in gross." But such machinations should not lie, and this Court, too, has dismissed cases under similar circumstances for lack of standing where plaintiffs failed to allege an actual injury against the defendant. *See, e.g.*, *Davis v. Wayne Cty. Elections Comm'n*, 204 F. Supp. 3d 950, 955 (E.D. Mich. 2016) (Levy, J.) (dismissing complaint for lack of standing where plaintiff failed to allege he suffered an actual injury caused by any defendant); *Myslivecek v. FCA US LLC*, No. 21-10346, 2022 U.S. Dist. LEXIS 231323, *18 (E.D. Mich. Dec. 23, 2022) (Levy, J.) (granting motion to dismiss for lack of standing, stating "[b]ecause there is no injury in fact alleged for Busovicki in the amended complaint, Busovicki lacks standing for all of his claims."); *Carrick v. Snyder*, No. 15-cv-10108, 2016 U.S. Dist. LEXIS 16080, *14 (E.D. Mich. Feb. 10, 2016) (Levy, J.) ("Because plaintiff has failed to allege an injury in fact, he lacks standing to assert any of the claims in his complaint. Accordingly, his claims are dismissed with prejudice."); *Ruehle's Towing, Inc. v. Charter Twp. of Shelby*, No. 15-cv-13802, 2016 U.S. Dist. LEXIS 65130, *13 (E.D. Mich. May 18, 2016) (Levy, J.) (dismissing case for lack of standing where plaintiffs failed to plead a valid

due process claim because they did not allege deprivation of a constitutionally-protected property interest.); *Bridges v. Mental Health Officers*, No. 21-12366, 2021 U.S. Dist. LEXIS 235141, *1 (E.D. Mich. Dec. 7, 2021) (Levy, J.) (dismissing complaint where plaintiff lacked standing because he failed to allege that he himself was forced into a sex-offender treatment program without due process); *Yunus v. Detroit Police Dep't*, No. 18-cv-12384, 2018 U.S. Dist. LEXIS 136738, *1 (E.D. Mich. Aug. 14, 2018) (Levy, J.) (dismissing complaint where plaintiff did not have standing to bring claims against the Detroit Police Department and the Office of the City Council President because he did not alleged a concrete and particularized injury that is actual or imminent, as required for Article III standing).

Here, Reeves simply does not have standing to seek damages under § 1983 and 1988 against Wayne County (Count IX), meaning Reeves also could not serve as a representative of any putative class. Taken together, the First Amended Complaint, Reeves' discovery responses, and his deposition testimony make clear that Reeves does not have standing to bring a claim against Wayne County, which has no relation to his alleged injury or harm. Specifically, Reeves alleged that the Michigan State Police (not anyone associated with Wayne County) seized his car. *See* FAC ¶ 165. *See also* Ex. C, Reeves' Interrogatory Responses at No. 12 (conceding that, "***Plaintiff was informed that the Michigan State Police had his vehicle***," and that "he did attempt to contact the [MSP] Western Wayne division

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

about the return of his car, [which] ultimately did release his car[.]") (emphasis added). Further, Reeves did not have any interaction with Wayne County law enforcement, which Reeves confirmed at his deposition. *See*, *e.g.*, Ex. B, Dep. Trans. at 24-28 (agreeing that the Incident Report related to his arrest was filed by the Michigan State Police). *See also* Ex. A.

Thus, as conceded by Reeves himself, Wayne County did not seize Reeves' vehicle nor did it impound the vehicle, which he admits is the sole basis for his damages claim. (Ex. B at 29-32). As such, Reeves has not alleged an injury in fact or harm that is remotely attributable to Wayne County and thus is without standing to maintain a claim for damages against Wayne County.

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

## II. EVEN IF REEVES HAD ARTICLE III STANDING, PLAINTIFFS' DUE PROCESS CLAIM FAILS AS A MATTER OF LAW IN LIGHT OF THE INTERVENING SUPREME COURT DECISION IN *CULLEY V. MARSHALL*.

Reeves' sole remaining claim was and remains premised on a contention that procedural Due Process requires that, under the OFA, claimants be provided an additional, standalone, "prompt," post-seizure, pre-forfeiture hearing to challenge to legality of the MSP's seizure of his vehicle.

Although the Sixth Circuit held on interlocutory appeal in this case that this separate, extra-statutory contested hearing must occur within "two weeks" of a vehicle seizure, the Supreme Court expressly abrogated the Sixth Circuit's decision and reversed by implication any holding that procedural Due Process requires an

additional standalone, contested post-seizure hearing. *See Culley*, 601 U.S. at 393 (2024). Because the Supreme Court has overruled the sole rationale for permitting Count IV to proceed, the Court should now dismiss that claim. And, even if *Culley* did not apply, because Reeves cannot demonstrate that the OFA's existing post-seizure, pre-forfeiture remedies itself are themselves unconstitutional, and because he indisputably failed to invoke the remedies already available, any further procedural Due Process claim would fail as a matter of law.

### A. Reeves' Sole Remaining Claim Does Not Survive Under the Intervening *Culley v. Marshall* Decision.

In a prior order in this case, the Court held that despite the OFA's multiple statutory avenues to raise challenges to the propriety of the seizure and forfeiture, Plaintiffs were entitled to an additional "prompt," post-seizure, pre-forfeiture hearing under the procedural Due Process analysis outlined in *Mathews v. Eldridge*. (ECF No. 54, 9/30/21 Order at 23). The Sixth Circuit failed to discuss any of preexisting procedures provided in Michigan's OFA and instead held that its newly-announced "two-week contested hearing" rule presumably would apply to all Michigan state forfeiture laws where police had seized a vehicle. *See Ingram*, 81 F.4th at 622.

In *Culley*, however, the Supreme Court expressly rejected the Sixth Circuit's position, refused the invitation to substitute the *Mathews v. Eldridge* procedural Due Process test to civil forfeiture, and reaffirmed its longstanding prior decisions on the



DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

issue outlined in *United States v. $8,850*, 461 U.S. 555 (1983) and *United States v. Von Neumann*, 474 U.S. 242 (1986), holding that "[i]n civil forfeiture cases, the Due Process Clause requires a timely forfeiture hearing, but does not require a separate preliminary hearing." *Culley v. Marshall*, 601 U.S. 377, 393 (2024).

The sole reason Count IV survived dismissal was that additional process was required outside of the OFA's existing procedures, but those rulings have been abrogated by the Supreme Court. Therefore, in light of the *Culley* decision, because procedural Due Process does not require a separate post-seizure hearing from what already is provided in the OFA, Count IV fails to state a claim upon which relief can be granted and should be dismissed.

**B. Michigan's OFA Comports With Procedural Due Process in Civil Forfeiture Proceedings.**

Even if *Culley* did not dispose of Plaintiff's remaining claim, Michigan's OFA unquestionably satisfies procedural Due Process. Because Reeves fails to allege that he attempted to invoke either of the OFA statutory procedures to retrieve his vehicle or challenge the seizure in a contested probable cause hearing (or that he was prevented from doing so by Wayne County), any claim that the OFA itself is unconstitutional on its face or as applied fails as a matter of law. "To prevail on a procedural due-process claim, [a plaintiff] must show: (1) it had a constitutionally protected interest, (2) it was deprived of that interest, and (3) the state did not afford it adequate procedures." *Golf Village North, LLC v. City of Powell*, 42 F.4th 593,

598 (6th Cir. 2022). A procedural Due Process claim under § 1983 requires that a plaintiff "plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1065 (6th Cir. 1983). A plaintiff is not permitted to ignore available state law remedies and then "complain about due process when it didn't use the more-than-adequate procedures already available to it." *Golf Village*, 42 F.4th at 600 (citation omitted).

Michigan's OFA establishes the entire process and procedure for police agencies to seize property and then seek a state court judgment of forfeiture for items statutorily-defined as "instrumentalities of crime" and/or "proceeds of crime." *See* MCL 600.4701, *et seq*. For property worth less than $100,000, this process essentially is: (1) a police agency seizure; (2) the seizing police agency providing notice to all possible claimants; (3) a criminal case to be initiated within 28 days of the seizure; (4) a resulting qualifying criminal conviction; (5) a renewed notice by the seizing police agency to all known claimants; (6) the presenting of any claimant objections within 28 days of that notice; (7) the prosecutor filing a state court civil case within 28 days from the expiration of the claims period; and (8) if judgment is entered for the plaintiffs, the proceeds are distributed according to statutory priority.

***First***, the OFA defines the types of property subject to seizure under the statute. *See* MCL 600.4701 and 600.4702(1). The OFA provides a complete statutory "innocent owners" defense to those who either lacked knowledge of the

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

illegal use of their property or once apprised of the illegal use notified law enforcement and the perpetrator in writing. *See* MCL 600.4702(2). The OFA defines the circumstances under which a police agency may seize property with or without prior judicial process. *See* MCL 600.4703(1) & (2).

***Second***, within 28 days of seizures of personal property, the seizing police agency (here the MSP, not any agency of Wayne County) must provide a statutory notice of its intent to forfeit and dispose of the property to owners and known claimants. *See* MCL 600.4704(1). The seizing police agency must notify the attorney general, the county prosecutor, or a city attorney of its intent to seek a state court judgment of forfeiture. MCL 600.4704(3).

***Third***, the OFA permits claimants/owners to petition a state court for the return of any seized property. Those statutory remedies include: (1) a state court hearing to be held within 28 days to contest probable cause for the seizure; and (2) a state court hearing to be held in 7 days in the cases where the deprivation of a vehicle would present a hardship. *See* MCL 600.4705. These motions can be filed at any time after the seizure in the court that would ultimately have jurisdiction over the civil case, and claimants do not have to wait until a criminal conviction occurs and the postconviction state court civil case is filed to assert these rights. *See* MCL 600.4703(5) (noting that a petition or action to recover seized property cannot be maintained unless authorized by §§ 600.4705-4707).

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

***Fourth***, the OFA contains strict timing requirements for when criminal cases must be initiated after a seizure. If a state court does not issue a warrant within 28 days of the seizure (with an optional 28-day extension if the prosecutor seeks it and the court grants it), the seizing police agency (here, the MSP, not any agency of Wayne County) must return the property to the owner within 7 days. MCL 600.4706(1)(a) & (2).

***Fifth***, and finally, within 28 days of the required criminal conviction, for property worth less than $100,000, the seizing police agency seeking forfeiture of the property must again provide a similar notice to possible claimants as required by § 4704(1). *See* MCL 600.4707(1). Claimants then have 28 days from the receipt of this notice to file objections to the seizing police agency. MCL 600.4707(2). If objections are received, the prosecutor then must file any civil case in state court within 28 days from the expiration of the 28-day period to file objections. MCL 600.4707(4); MCL 600.4709. In the civil case, the plaintiff has the burden of proof to demonstrate that the property. seized by the police agency qualifies as property subject to forfeiture under MCL 600.4707(6). If the plaintiff prevails, the proceeds of personal property are distributed according to scheme established by MCL 600.4708(1).

It undisputed that at no time did Plaintiff ever attempt to invoke either the 7-day hardship or 28-day contested probable cause hearing remedies – procedures that



DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

could have been invoked at any time after the MSP seizure. Further, it was the MSP's obligation alone, as the seizing agency, under the OFA to return the vehicle if it did not secure the institution of criminal charges within 28 days of the seizure (without a requested extension). Plaintiff failed to seek the return of the vehicle from the MSP on the 29th day or on any day after criminal charges were not secured. Wayne County, through its Prosecutor's Office, was not even statutorily authorized to file a civil forfeiture case in state court until a predicate criminal conviction had occurred. In short, not only does the OFA provide constitutionally-sufficient procedures, Plaintiff inexplicably failed to invoke any of them. *See also* Ex. C.

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

Indeed, Judge Ludington recently held that parties could not claim that the OFA violates procedural Due Process where they failed to invoke the statutory remedies to seek to a contested probable cause hearing or the applicability of the OFA to a situation under MCL 600.4705. *See Novak v. Federspiel*, __ F.Supp.3d __, 2024 U.S. Dist. LEXIS 58508, *37 (E.D. Mich. Mar. 29, 2024) ("In sum, even if Plaintiffs owned the seized firearms, they were not entitled to pre-deprivation process, received actual notice of the seizure, and did not seek post-deprivation process through Mich. Comp. Laws § 600.4705(1). Accordingly, their procedural due process claim will be dismissed").

Therefore, even if Plaintiff could somehow avoid the *Culley* holding, he cannot establish that the OFA's procedures for challenging the MSP's seizure of his

vehicle are so constitutionally inadequate that he was excused from even attempting to invoke them to state a claim for a violation of procedural Due Process.

## CONCLUSION

Given the Supreme Court's ruling in *Culley*, Plaintiffs' "two-week hearing claim" (Count VI) is now moot. As such, Reeves no longer has any viable claim against Wayne County, where, as explained above, his derivative claim for damages also must fail. Therefore, this Court does not have subject matter jurisdiction over any of Reeves' claims, and Defendant respectfully requests that the Court grant this Motion and enter an order dismissing Counts IV and IX.

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

Respectfully submitted,

**DYKEMA GOSSETT, PLLC**

By: */s/ Nasseem S. Ramin*

Theodore W. Seitz (P60320)
Nasseem S. Ramin (P73513)
*Attorneys for Defendant*
400 Renaissance Center
Detroit, MI 48243
(313) 568-6800
tseitz@dykema.com
nramin@dykema.com

Dated: August 30, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

/s/ *Nasseem S. Ramin*

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243